(C. D. 128)

AGNES V. GRAVES *v.* UNITED STATES

United States Customs Court, Second Division

(Decided March 14, 1939)

*Philip Stein* for the plaintiff.

*Charles D. Lawrence*, Acting Assistant Attorney General (*John J. McDermott* and *Joseph E. Weil*, special attorneys), for the defendant.

Before TILSON, KINCHELOE, and DALLINGER, Judges

TILSON, Judge: This suit was filed by the plaintiff seeking to recover a sum of money alleged to have been illegally exacted as customs duties on merchandise imported at Honolulu. Duty was levied on the merchandise at 90 per centum under paragraph 1529 of the Tariff Act of 1930 as embroidered silk wearing apparel or as embroidered articles. Plaintiff claims the same to be properly dutiable at 65 per centum ad

valorem under paragraph 1210 of said act as wearing apparel in chief value of silk, not specially provided for, or under paragraph 1211 of said act, as manufactures of silk, not specially provided for.

At the trial of the case counsel for the respective parties stipulated that the merchandise consists of silk wearing apparel, embroidered. Counsel then requested and were granted time within which to file briefs.

The competing paragraphs here drawn into question read as follows:

PAR. 1529 (a) * * * Fabrics and articles embroidered * * * by whatever name known, and to whatever use applied, and whether or not named, described, or provided for elsewhere in this Act, when composed wholly or in chief value of filaments, yarns, threads, tinsel wire, lame, bullions, metal threads, * * * or rayon or other synthetic textile, 90 per centum ad valorem.

PAR. 1210. Clothing and articles of wearing apparel of every description, manufactured wholly or in part, wholly or in chief value of silk, and not specially provided for, 65 per centum ad valorem.

PAR. 1211. All manufactures, wholly or in chief value of silk, not specially provided for, 65 per centum ad valorem.

In his brief filed herein, plaintiff states his contention as follows:

We contend that the provision in paragraph 1210 supra for clothing and articles of wearing apparel of *every description* is more specific than that provision in paragraph 1529 (a) under which it was returned, which provides for fabrics and articles embroidered, finished or unfinished, by whatever name known and to whatever use applied and whether or not named, described, or provided for elsewhere in the Act. In support of this contention, we respectfully point out that in paragraph 1210 the proviso requires that the clothing and articles of wearing apparel of every description therein described *shall not be specially provided for elsewhere in* the Act. We contend that the language of paragraph 1529 (a) does not specially provide for the articles in the case at bar, which were orally stipulated to consist of silk wearing apparel embroidered. Had paragraph 1529 (a) provided for "silk wearing apparel, embroidered" there might be, in our opinion, some logic to the classification of the Collector that the merchandise in question was provided for specially by that paragraph, but such not being the case, we contend, as a matter of pure logic, that the stipulated merchandise is not more specifically provided in paragraph 1529 (a) than it is under 1210, for which we contend. [Italics not quoted.]

The embroidery provision of paragraph 1529 of the Tariff Act of 1930 is very similar to the embroidery provision of paragraph 1430 of the Tariff Act of 1922, except that the rate of duty made applicable thereto is changed from 75 per centum in said paragraph 1430 to 90 per centum in said paragraph 1529. With reference to the scope and all-inclusiveness of the embroidery provision of paragraph 1430 of the Tariff Act of 1922, the appellate court, in *Kayser* v. *United States*, 13 Ct. Cust. Appls. 474, T. D. 41367, said:

The embroidery provision of paragraph 1430 is so sweeping, clear, and definite as to the goods subjected to its operation that there is no room for interpretation and no doubt left as to the goods which Congress meant to include. That provision subjects to its operation not only fabrics and articles embroidered in any manner, as did the tariff acts of 1897, 1909, and 1913, but prescribes that the

duty therein specified shall be imposed on all embroidered fabrics and articles, finished or unfinished, *by whatever name known and to whatever use applied, and whether or not named, described, or provided for elsewhere in the act.* Every paragraph of the Tariff Act of 1922 must yield to that language, and that means that a duty of 75 per centum ad valorem must be levied on every embroidered commodity composed of yarns, threads, filaments, tinsel wire, lame, bullions, metal threads, beads, bugles, spangles, or products of cellulose.

The above quotation from the *Kayser* case was quoted with approval by the appellate court in the case of *Adele* v. *United States*, 23 C. C. P. A. 305, T. D. 48176. As we understand these two authorities they hold squarely against the contention of the plaintiff in this case, and counsel for the plaintiff has cited no authority to the contrary.

On the record presented all the claims of the plaintiff are overruled. Judgment will be rendered accordingly.